NOT FOR PUBLICATION (Doc. No. 36)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CARLOS ORTIZ, | : | |
| Plaintiff, | : | Civil No. 13-5372 (RBK) |
| v. | : | |
| STATE OF NEW JERSEY et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**KUGLER**, United States District Judge:

**THIS MATTER** is before the Court upon the unopposed motion of Plaintiff Carlos Ortiz ("Plaintiff") to appoint pro bono counsel (Doc. No. 36). For the reasons expressed herein, the motion is **DENIED**.

Plaintiff initiated this civil action as a prisoner held at the South Woods State Prison, alleging violations of his constitutional rights. See generally Compl. (Doc. No. 1.) Plaintiff is currently out of prison on parole, and living in a rehabilitation facility, allegedly as a result of the injuries he received while in prison that form the basis of this litigation. Pl.'s Br. 1. Plaintiff submitted the filing and administrative fee of $400 with his Complaint. See Docket Entry. No. 1. By Order dated October 27, 2014, this Court granted Plaintiff's attorney's motion to withdraw as counsel. (Doc. No. 34.) This Court ordered Plaintiff to obtain new counsel within thirty days, or Plaintiff would be deemed to be proceeding pro se. On November 6, 2014, Plaintiff filed this

1

motion to appoint pro bono counsel.  (Doc. No. 36.)  Plaintiff has not submitted an application to proceed IFP.  Instead, Plaintiff alleges only that "I don't have support from nobody," and requests a pro bono lawyer.  Pl.'s Br. 1.

In appropriate cases and upon application to the Court, a pro se litigant proceeding in forma pauperis ("IFP") may have counsel appointed to assist in the litigation.  See 28 U.S.C. § 1915.  However, indigent persons raising civil rights claims do not have an absolute constitutional right to counsel.  See Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir.1997).  In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  Tabron v. Grace, 6 F.3d 147, 155–56, 157 n. 5 (3d Cir.1993).  This list is not exhaustive, nor is any one factor determinative.  Parham, 126 F.3d at 458.

Because Plaintiff has not submitted an application to proceed IFP, this Court will deny Plaintiff's motion to appoint pro bono counsel.  See Fulton v. United States, 198 Fed. App'x 210, 214 (3d Cir. 2006) (finding that, where plaintiff paid the filing fee instead of completing IFP forms, "[t]he District Court did not err in failing to deny [Plaintiff's] request when he had not received IFP status").  See also Egnotovich v. Greenfield Twp. Sewer Auth., 378 Fed. App'x 121, 123-24 (3d Cir. 2010) (denying motion to appoint counsel on appeal where Plaintiff did not file application to proceed IFP).[1]  However, this Order is to be entered without prejudice to

---

[1] While the Third Circuit in Parham opined generally that there is no constitutional right to counsel for civil litigants, suggesting that pro-bono counsel could be appointed to represent a non-indigent litigant, the court qualified this statement by pointing specifically to 28 U.S.C. 1915(e)(1), which applies only to parties proceeding under IFP status.  Parham, 126 F.3d at 456-57.

Plaintiff's right to re-file his request for counsel if warranted.  Plaintiff may apply to the Court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  If granted such status, then pursuant to Appendix H of the Local Civil Rules for this District, Plaintiff may re-file his request to appoint pro bono counsel.  Accordingly, for the reasons expressed,

    **IT IS HEREBY ORDERED** that Plaintiff's motion to appoint pro bono counsel is **DENIED WITHOUT PREJUDICE**.


Dated:     12/8/2014                         s/ Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge