UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CARLOS ORTIZ,                                        :
                                                     :
           Plaintiff,                                :     Civ. No. 13-5372 (RBK)
                                                     :
       v.                                            :
                                                     :     **OPINION**
STATE OF NEW JERSEY, et al.,                         :
                                                     :
           Defendants.                               :
_____                  :

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff, Carlos Ortiz, is a former state prisoner who was previously incarcerated at the South Woods State Prison.[1] In September, 2013, he filed a counseled civil rights complaint pursuant to 42 U.S.C. § 1983 as well as under state law. Presently pending before the Court is a motion to dismiss from one defendant and a motion for judgment on the pleadings from three defendants. For the following reasons, the motions will be granted.

## II.    BACKGROUND

Mr. Ortiz's complaint was initially filed by his counsel of record, Vikrant Pawar, Esq. He names several defendants in his complaint; specifically: (1) the State of New Jersey; (2) the New Jersey Department of Corrections ("DOC"); (3) South Woods State Prison ("SWSP"); (4) the University of Medicine and Dentistry ("UMDNJ"); (5) Judith Bender; (6) St. Francis Hospital; (7) Lisa Renee Mills; and (8) John and Jane Does.

The complaint states that Mr. Ortiz is a prisoner held at the SWSP, which is part of the DOC. He states that he has a pre-existing condition that was documented and recorded by

---

[1] Mr. Ortiz is now out of prison on parole as of October, 2014.

defendants that required him to not be placed on a top bunk inside his jail cell. Mr. Ortiz states that the defendants violated this rule and, as a result, he fell and suffered injuries on September 19, 2011. Mr. Ortiz also claims that the defendants failed to adequately treat him after his injury.

In an apparent separate incident, Mr. Ortiz states that he was given an insulin shot in July, 2012. However, Mr. Ortiz explains that he does not require an insulin shot. He states that defendants admitted to this mistake and told him that he would likely be in a vegetative state for the rest of his life.

Mr. Ortiz raises six causes of action. First, he states that defendants failed to provide him with an adequate accommodation for his pre-existing condition and were deliberately indifferent to his medical condition. Accordingly, he claims that the defendants subjected him to cruel and unusual punishment. Second, Mr. Ortiz claims that the defendants violated his procedural and substantive due process rights under the Fourteenth Amendment by subjecting him to injuries. Third, Mr. Ortiz argues that the defendants failed to adequately train and discipline their employees such that it fostered an environment that was deliberately indifferent to his rights under the Constitution. Fourth, Mr. Ortiz asserts that defendants have a pattern, practice and custom by disregarding pervasive discrimination in the workplace, ignoring rampant occurrences, failing to take corrective action and tolerating the actions alleged in the complaint. Fifth, Mr. Ortiz claims that the defendants were deliberately indifferent to the rights owed to him under the New Jersey Constitution. Finally, sixth, Mr. Ortiz alleges that the defendants failed to adequately supervise their employees, and, as a result, he suffered injuries.

Mr. Ortiz seeks monetary damages as well as prospective and injunctive relief on his claims.

On June 20, 2014, B. Michael Rubenstein, Esq. entered a notice of appearance as co-counsel for Mr. Ortiz. However, on October 28, 2014, this Court granted plaintiff counsels' motion to withdraw as counsel. Accordingly, Mr. Ortiz is now proceeding in this action *pro se*.[2]

As Mr. Ortiz's representation issues were ongoing, his case continued to progress. Indeed, in February, 2014, the State of New Jersey, the DOC and the SWSP (hereinafter the "State Defendants") answered the complaint. (*See* Dkt. No. 9.) On October 9, 2014, St. Francis Hospital filed a motion to dismiss the complaint. (*See* Dkt. No. 32.) The UMDNJ answered the complaint on October 5, 2014. (*See* Dkt. No. 33.) The State Defendants filed a motion for judgment on the pleadings and/or summary judgment on November 21, 2014. (*See* Dkt. No. 38.)

Mr. Ortiz did not file a response to the outstanding motions from the defendants. Nevertheless, on May 20, 2015, this Court held a status conference where counsel for the defendants as well as Mr. Ortiz appeared. Subsequently, the Court issued an order that gave Mr. Ortiz until June 2, 2015 to file a response to the defendants' outstanding motions. Additionally, Mr. Ortiz was given until June 2, 2015 to demonstrate that he made service of process on Judith Bender and Lisa Renee Mills. To date, Mr. Ortiz has not filed a response to the defendants' outstanding motions, nor has he made any demonstration whatsoever that he has made service of process on Bender or Mills.

### III.   DISCUSSION

A. <u>St. Francis Hospital's Motion to Dismiss</u>

St. Francis Hospital has moved to dismiss the complaint. It argues that it has never been served with a summons and complaint as required by Federal Rule of Civil Procedure 4(m).

---

[2] Mr. Ortiz paid the filing fee at the time when counsel filed the complaint on his behalf in September, 2013. However, Mr. Ortiz has filed an application to proceed *in forma pauperis* now that he is appearing *pro se*. The application to proceed *in forma pauperis* will be granted based on the information provided therein.

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to challenge "departures from the proper procedure for serving a summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2015). Rule 4 sets forth the requirements for service of process in all civil actions in United States District Courts, and Rule 12(b) incorporates them. *See id.* Under Rule 4(c)(1), a summons must be served with a copy of the complaint, and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)…" FED. R. CIV. P. 4(c)(1). Rule 4(c)(2) provides that "any person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2).

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If a plaintiff shows "good cause" for the failure to timely serve, the court "must extend" the time for service. *See id.* Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)); *see also Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) (per curiam). "Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve." *See McCray v. Unite Here*, No. 13-6540, 2015 WL 1279694, at *2 (D.N.J. Mar. 20, 2015) (citing *MCI Telecomm.*, 71 F.3d at 1097).

Even if good cause does not exist, the court may consider whether to grant a discretionary extension of time. *See Petrucelli*, 46 F.3d at 1305. Among the factors a district court should consider in deciding whether to extend time for service in the absence of good cause are whether the refiled action would be barred by the statute of limitations or if the defendant has evaded service or is concealing a defect in attempted service. *See id.* at 1305–06. If service is put in issue by a defendant, a plaintiff has "the burden of proving proper service" or explaining the lack thereof. *See Rivera Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

In this case, service was raised as an issue by St. Francis. Mr. Ortiz bears the burden of proving sufficient service of process. *See Anderson v. Mercer Cnty. Sheriff's Dep't*, No. 11-7620, 2013 WL 5703615, at *3 (D.N.J. Oct. 17, 2013) (citing *Grand Entm't Grp.*, 988 F.2d at 488). As explained above, Mr. Ortiz has never responded to St. Francis' argument in its motion to dismiss that it was never served. Accordingly, Mr. Ortiz fails to show that St. Francis was actually served. Furthermore, as Mr. Ortiz never responded to St. Francis' motion to dismiss for failure to serve, he has failed to make any showing whatsoever that there is good cause to extend the time to serve. Indeed, Mr. Ortiz has already had twenty-one months to serve St. Francis.

Finally, this Court will not use its discretion to extend the time for Mr. Ortiz to serve St. Francis. The Court notes that Mr. Ortiz's claims against St. Francis may be barred by the statute of limitations if the complaint is dismissed as the statute of limitations is two years for Section 1983 claims in New Jersey. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). In this case, the actions giving rise to plaintiff's claims occurred in 2011 and 2012, respectively. Despite the potential statute of limitations bar if the claims against St. Francis are dismissed, this Court still

retains discretion to refuse to extend the time to serve the complaint on St. Francis. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (district court still has discretion to refuse to extend time to serve even if the statute of limitations has run). In this case, plaintiff has been on notice since St. Francis filed its motion to dismiss in October, 2014, that service would be an issue. Despite this, Mr. Ortiz has never even responded to the service issue on the record through filing a response. Accordingly, based on these particular circumstances, the Court will not grant Mr. Ortiz a discretionary extension of time to serve St. Francis. Thus, St. Francis' motion to dismiss will be granted and the complaint against it will be dismissed without prejudice.

B. <u>Defendants Judith Bender & Lisa Renee Mills</u>

In the May 20, 2015 Order, this Court ordered Mr. Ortiz to demonstrate by June 2, 2015 that he has made service of process on defendants Judith Bender and Lisa Renee Mills. As noted above, Mr. Ortiz did not respond to this Court's May 20, 2015 Order whatsoever.

This Court can raise the issue of improper service *sua sponte*. *See Doe v. Dimone*, No. 12-5825, 2013 WL 3772532, at *4 (D.N.J. July 17, 2013) (citing *Reddy v. Medquist*, No. 06-4410, 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009) (citing FED. R. CIV. P. 4(m))). The May 20, 2015 Order put Mr. Ortiz on notice that the issue of service of process on Bender and Mills needed to be addressed by him. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion *or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant* or order that service be made within a specified time.") (emphasis added). For similar reasons as discussed in *supra* Part III.A with respect to St. Francis, Mr. Ortiz fails to show that there is good cause to extend the time for him to serve these two defendants. Furthermore, for the reasons discussed in *supra* Part III.A., this Court will also not use its discretion to extend the time to serve Bender and Mills.

6

Accordingly, the complaint will be dismissed against Bender and Mills without prejudice for failure to serve.

C. <u>State of New Jersey, DOC and SWSP Motion for Judgment on the Pleadings/Summary Judgment</u>

The State Defendants have also filed a motion for judgment on the pleadings and/or summary judgment. These three defendants argue that all constitutional claims should be dismissed against them because they are not "persons" amendable to suit under Section 1983. Additionally, the State Defendants argue that they are entitled to judgment as a matter of law on Mr. Ortiz's claim for injunctive relief because he is no longer in custody of DOC. Finally, the State Defendants assert that Mr. Ortiz fails to plead facts sufficient to warrant punitive damages.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination at the motion to dismiss stage, a court must take three steps. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1947). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (citing *Iqbal*, 129 S. Ct. at 1950).

"Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim. *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *see also Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014).

Mr. Ortiz has failed to state a federal claim against the State Defendants. The State of New Jersey is not a "person" subject to suit under Section 1983. *See Hussein v. New Jersey*, 403 F. App'x 712, 715 (3d Cir. 2010) (per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir. 2008) (per curiam). Similarly, the DOC is not a "person" subject to suit under Section 1983. *See Adams v. Hunsberger*, 262 F. App'x 478, 481 (3d Cir. 2008) (per curiam) (District Court properly dismissed Section 1983 claims against state department of corrections as it is not a "person" within the meaning of Section 1983) (citing *Will*, 491 U.S. at 71); *Nadal v. Christie*, No. 13-5447, 2014 WL 2812164, at *4 (D.N.J. June 23, 2014) (the New Jersey Department of Corrections is not a "person" for purposes of Section 1983 liability) (citing *Tulli-Makowski v. Community Educ. Ctrs., Inc.*, No. 12-6091, 2013 WL 1987219, at *3 (D.N.J. May 13, 2013) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989))). Additionally, the SWSP is not a "person" subject to suit under Section 1983. *See Cook v. Shah*, No. 09-6523, 2010 WL 5464234, at *5 (D.N.J. Dec. 28, 2010) (dismissing SWSP as a defendant because it is not a "person" subject to suit under Section 1983) (citation omitted); *Musto v.*

*Bugler Tobacco Co.*, No. 05-4781, 2006 WL 572827, at *3 (D.N.J. Mar. 2, 2006)) (citations omitted).

Additionally, it is worth noting that Mr. Ortiz would not be entitled to injunctive relief against these State Defendants at this time. Mr. Ortiz admits that has been released from prison on parole. (*See* Dkt. Nos. 36 & 37.)

> A federal court does not have the power to decide moot questions. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction. *See Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir.1992). In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison. *See Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003); *Abdul–Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir.1993) (holding that once a prisoner was released, he could have no continuing interest in the prison policies he was challenging).

*Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) (per curiam). It is not entirely clear what injunctive relief Mr. Ortiz is seeking in the complaint. However, his release from prison on parole moots his claim for injunctive relief against the State Defendants. *Accord Herder v. Biesh*, No. 09-2470, 2011 WL 861818, at *2 (M.D. Pa. Mar. 9, 2011) ("The only relief Herder seeks in this case is a consultation with and evaluation by an unbiased physician. His release on parole from DOC custody moots this request as DOC no longer has custody or control over him. While it is possible that Herder could at some point in the future return to DOC custody, the mere possibility of that occurring is too speculative to overcome the mootness of his claim.") (citing *Abdul-Akbar*, 4 F.3d at 207). Accordingly, Mr. Ortiz fails to state a federal claim against the State Defendants.

The complaint also raises state law claims against the State Defendants. The State Defendants' motion for judgment on the pleadings does not appear to discuss whether the state law claims should be dismissed as well. As the State Defendants are entitled to judgment on Mr.

Ortiz's federal claims, the remaining potential basis for this Court's jurisdiction over Mr. Ortiz's claims against the State Defendants is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Because Mr. Ortiz's federal claims against the State Defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over the state law claims against the State Defendants.[3]

### IV.   CONCLUSION

For the foregoing reasons, St. Francis' motion to dismiss is granted and the complaint will be dismissed without prejudice against it for failure to serve. The complaint will also be dismissed without prejudice against defendants Bender and Mills. The State Defendants' motion for judgment on the pleadings is granted and judgment will be entered in favor of the State Defendants on plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against the State Defendants. An appropriate Order will be entered.

DATED:   June 15, 2015

                   s/Robert B. Kugler
                   ROBERT B. KUGLER
                   United States District Judge

---

[3] The State Defendants' argument that Mr. Ortiz is not entitled to punitive damages need not be considered by this Court in light of the dismissal of the federal claims against the State Defendants and the decline of supplemental jurisdiction over Mr. Ortiz's state law claims against the State Defendants.